

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

NATAJH DEVON MUNFORD,

     Plaintiff,

v.                             Civil Action No. 3:13CV388

CBM FOOD SERVICE,

     Defendant.

**MEMORANDUM OPINION**

Natajh Devon Munford, a federal inmate proceeding <u>pro</u> <u>se</u> and <u>in</u> <u>forma</u> <u>pauperis</u> filed this 42 U.S.C. § 1983[1] action. Under Federal Rule of Civil Procedure 4(m),[2] Munford had 120 days to serve Defendant CBM Food Service. Here, that period commenced

---

[1] That statute provides, in pertinent part:

     Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] Rule 4(m) provides, in pertinent part:

     If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

on August 8, 2014.   More than 120 days elapsed and Munford had not served the Defendant.   Accordingly, by Memorandum Order entered on January 8, 2015, the Court directed Munford to show good cause for his failure to serve Defendant.

District courts within the Fourth Circuit have found good cause to extend the 120-day time period when the plaintiff has made "'reasonable, diligent efforts to effect service on the defendant.'" Venable v. Dep't of Corr., No. 3:05cv821, 2007 WL 5145334, at *1 (E.D. Va. Feb. 7, 2007) (quoting Hammad v. Tate Access Floors, Inc., 31 F. Supp. 2d 524, 528 (D. Md. 1999)). This leniency is especially appropriate when factors beyond the plaintiff's control frustrate his or her diligent efforts.  See McCollum v. GENCO Infrastructure Solutions, No. 3:10-CV-210, 2010 WL 5100495, at *2 (E.D. Va. Dec. 7, 2010) (citing T & S Rentals v. United States, 164 F.R.D. 422, 425 (N.D. W. Va. 1996)).  Thus, courts are more inclined to find good cause where extenuating factors exist such as active evasion of service by a defendant, T & S Rentals, 164 F.R.D. at 425 (citing Prather v. Raymond Constr. Co., 570 F. Supp. 278, 282 (N.D. Ga. 1983)), or stayed proceedings that delay the issuance of a summons. McCollum, 2010 WL 5100495, at *2 (citing Robinson v. Fountainhead Title Grp. Corp., 447 F. Supp. 2d 478, 485 (D. Md. 2006)).

However, "'[i]nadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service' generally are insufficient to show good cause." Venable, 2007 WL 5145334, at *1 (quoting Vincent v. Reynolds Mem'l Hosp., 141 F.R.D. 436, 437 (N.D. W. Va. 1992)). While a court might take a plaintiff's pro se status into consideration when coming to a conclusion on good cause, Lane v. Lucent Techs., Inc., 388 F. Supp. 2d 590, 597 (M.D.N.C. 2005), neither pro se status nor incarceration alone constitute good cause. Sewraz v. Long, No. 3:08CV100, 2012 WL 214085, at *1-2 (E.D. Va. Jan. 24, 2012) (citing cases).

By Memorandum Order entered on August 8, 2014, the Court informed Munford that, if he wished the assistance of the Marshal in serving Defendant he must provide a street address for Defendants. The Court heard nothing from Munford for approximately 162 days, and only received a response due to the Court's show cause order. During the 120-day period for serving Defendant, Munford apparently made no effort to ascertain Defendant's address and provide the same to the Court. Indolence such as that is hardly consistent with "'reasonable, diligent efforts to effect service on the defendant.'" Venable, 2007 WL 5145334, at *1 (quoting Hammad, 31 F. Supp. 2d at 528).

Munford claims "[due] to my incarceration I cannot get address or names to be compliance with Memorandum Order." (Mot.

to Halt Legal Action, ECF No. 29 (spelling and capitalization corrected).)   Munford also asks the Court "to halt all legal action" until his April 17, 2015 release date.   (Id.)   Munford's Motion (ECF No. 29) will be denied.

As previously stated, Munford's incarceration, standing alone, fails to demonstrate good cause for his failure to serve the Defendant.   Sewraz, 2012 WL 214085, at *1-2.   Because Munford has failed to establish good cause for his failure to serve Defendant, the action will be dismissed without prejudice.

The Clerk is directed to send a copy of the Memorandum Opinion to Munford.

_____   /s/   REP   _____
Robert E. Payne
Senior United States District Judge


Richmond, Virginia
Date: February 18, 2015